Filed 4/3/14  P. v. Hall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>LISA MARIE HALL,<br><br>      Defendant and Appellant. | C073707<br><br>(Super. Ct. No. 12F01201) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

About 8:00 p.m. on November 11, 2011, defendant Lisa Marie Hall entered a Money Mart on Florin Road and presented a check made payable to her in the amount of $493.27 for cashing.  The check was on the account of a law firm, Severaid & Glahn, PC, and dated November 4, 2011.  The cashier at Money Mart called the phone number for the law firm given to her by defendant but received no answer.  After asking defendant various questions, the cashier cashed the check with deductions of $1.79 (an item fee)

and $49.32 (10 percent of the amount of the check because the cashier was unable to speak with the maker of the check).

Carter Glahn testified that defendant never worked at the law firm, that he did not know or recognize defendant, and that the check defendant presented for cashing at Money Mart was not a check ever used by his law firm. The phone number on the check was not the phone number of the law firm, and when he tried calling the number on the check, he received a voice message directing him to call another number. Although the check reflected the bank that the law firm used, the account number belonged to the law firm's client trust account, an account that was not used to pay vendors.

The prosecutor presented prior misconduct evidence. On October 19, 2011, defendant entered a Money Mart and presented a Western Union money order in the amount of $980 for cashing. The money order did not show up in the postal money order system, so the money order was not cashed. On November 9, 2011, defendant entered the same Money Mart she had gone to on October 19 and presented a Western Union money order in the amount of $1,000 from Haggin Oaks for cashing, claiming she worked at Haggin Oaks. The cashier did not cash the money order because when she called Haggin Oaks, she was told that no one with defendant's name worked there.

Defendant testified that she did not know the check she cashed on November 11 was fraudulent. She claimed a woman named "Judy," whose last name defendant did not know, gave her the check as payment for work performed. Defendant explained she had answered an ad and that she and two good friends, "Kiko" and "Jay" whose last names defendant did not know, helped move Judy's possessions from her Granite Bay residence to a rental truck.

A jury convicted defendant of obtaining the personal identifying information of Severaid & Glahn, PC, without authorization and using that information for an unlawful purpose, to wit, to obtain money without consent (Pen. Code, § 530.5, subd. (a);

2

count one),[1] second degree burglary (§ 459; count two), and passing or using a counterfeit check with intent to defraud, knowing the counterfeit nature of the check (§ 470, subd. (d); count three).

The court imposed the upper term of three years for count one and stayed sentence on counts two and three. (§ 654.) The court ordered defendant to serve 16 months of her term in county jail and suspended the remaining 20 months with mandatory supervision. (§ 1170, subd. (h)(5)(B).)

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error in preparation of the abstract of judgment. The abstract reflects defendant's date of birth as "4/26/2013," which was the date of the sentencing hearing. Defendant provided her date of birth in open court, and the same appears in the probation report and on defendant's notice of appeal. We will order the abstract corrected to reflect defendant's date of birth.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

3

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting defendant's date of birth and to forward a certified copy of the corrected abstract to the necessary parties and defendant.  The judgment is affirmed.


             RAYE            , P. J.


We concur:


         BLEASE        , J.


         HOCH         , J.